UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MATTHEW J. SZULIK, *et al.*,

            Plaintiffs,

   v.

STATE STREET BANK AND TRUST COMPANY,

            Defendant.

Civil Action No. 1:12-cv-10018-NMG

**\*ORAL ARGUMENT REQUESTED\***

**DEFENDANT STATE STREET BANK AND TRUST COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

State Street Bank and Trust Company ("State Street") hereby moves, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a), to dismiss the complaint (the "Complaint") of Plaintiffs Matthew J. Szulik, Raymond W. Szulik, Edward Adams, and Kyle Szulik (collectively, "Plaintiffs") filed in the above-captioned action on January 4, 2012 because Plaintiffs' fail to state a claim as a matter of law. This Motion is supported by the accompanying Memorandum of Law, Declaration of Eric Wolkoff and the exhibits thereto. As further grounds for this Motion, State Street states as follows:

    1.    Plaintiffs have failed to sufficiently identify the transactions and conduct they challenge with respect to each of the five custodial accounts at issue in the Complaint.

    2.    Counts I and II (breach of contract) fail as a matter of law because, among other reasons:

        a)    The alleged conduct the Complaint challenges is fully consistent with the governing custody agreements (the "Agreements"); and,

b) To the extent that Plaintiffs claim to have incurred any losses, the Complaint fails to tie those losses to any actionable misconduct by State Street and, under the Agreements, State Street bears no responsibility for those purported losses.

3. Count III (negligence) is barred by, among other things, the purely economic nature of Plaintiffs' alleged damages, the governing exculpatory clauses in the Agreements, the absence of proximately caused damage and the relevant statute of limitations.

4. Count IV (unjust enrichment) must be dismissed, *inter alia*, because Plaintiffs have an adequate remedy at law available to them and have failed to plead the requisite inequitable conduct.

5. Count V (breach of fiduciary duty) fails because, among other reasons, State Street is not a fiduciary given its administrative role under the Agreements, the exculpatory clauses in the Agreements prohibit recovery, the claim is duplicative of Plaintiffs' defective breach of contract claims, State Street did not proximately cause any of the damages alleged and the claim is time-barred.

WHEREFORE, for these reasons and the reasons in the accompanying Memorandum of Law, State Street respectfully requests that the Court dismiss the Complaint in its entirety with prejudice.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendant requests oral argument on this Motion.

Dated: March 30, 2012

        COUNSEL FOR STATE STREET BANK
        AND TRUST COMPANY

        By its attorneys,

3

/s/ Christopher B. Zimmerman
Andrea J. Robinson (BBO 556337)
Christopher B. Zimmerman (BBO 653854)
Miranda Hooker (BBO 661569)
Eric Wolkoff (BBO 679566)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
andrea.robinson@wilmerhale.com
christopher.zimmerman@wilmerhale.com
miranda.hooker@wilmerhale.com
eric.wolkoff@wilmerhale.com

## RULE 7.1(A)(2) CERTIFICATE

I hereby certify that on March 30, 2012, counsel for Defendant has conferred with counsel for Plaintiffs, who have not assented to the relief sought in this Motion.

/s/ Christopher B. Zimmerman

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") on this 30th day of March, 2012.

/s/ Christopher B. Zimmerman