UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MATTHEW J. SZULIK, individually and as | ) | |
| trustee of the Raymond W. Szulik Trust, | ) | |
| RAYMOND W. SZULIK, as trustee of the | ) | |
| Raymond W. Szulik Trust, EDWARD | ) | |
| ADAMS, as trustee of the Kaitlin Szulik Trust, | ) | |
| Brendan Szulik Trust and Keenan Szulik Trust, | ) | |
| and KYLE M. SZULIK, | ) | CIVIL ACTION |
| | ) | NO. 12-10018-NMG |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| STATE STREET BANK AND TRUST | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION ON
MOTION TO DISMISS CLAIMS MADE BY
PLAINTIFFS MICHAEL COLLEARY AND EDWARD ADAMS

May 21, 2014

DEIN, U.S.M.J.

This matter is presently before the court on the "Motion to Dismiss Claims Made

by Plaintiffs Michael Colleary and Edward Adams" (Docket No. 79). The parties agree

that these claims should be dismissed with prejudice, provided that the counterclaims

against these plaintiffs remain for adjudication. Therefore, this court recommends to the

District Judge to whom this case is assigned that the claims of Michael Colleary, as

Trustee of the Raymond W. Szulik Revocable Trust, and Edward D. Adams, as Trustee of

the Kaitlin Szulik Trust, Brendan Szulik Trust and Keenan Szulik Trust (collectively, the

Trustee Plaintiffs") be dismissed with prejudice, provided, however, that nothing in the

dismissal shall affect State Street's counterclaims against the Trustee Plaintiffs, or its

counterclaims against Matthew J. Szulik and Kyle M. Szulik, or the claims made by

Matthew J. Szulik and Kyle M. Szulik against State Street.[1]


        / s / Judith Gail Dein
        Judith Gail Dein
        U.S. Magistrate Judge

---

[1]   The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).