UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MATTHEW J. SZULIK and KYLE M. SZULIK,

Plaintiffs/Counterclaim Defendants,

v.

STATE STREET BANK AND TRUST COMPANY,

Defendant/Counterclaimant.

Civil Action No. 1: 12-cv-10018-NMG

**COUNTERCLAIM DEFENDANTS MATTHEW AND KYLE SZULIK'S RESPONSE TO STATE STREET'S COUNTERSTATEMENT OF UNDISPUTED MATERIAL FACTS**

Counterclaim Defendants Matthew and Kyle Szulik submit the following response to State Street's Counterstatement of Undisputed Material Facts Pursuant to Local Rule 56.1. [D.E. 282.] For ease of reference, the paragraph numbering below tracks State Street's Counterstatement.

\*   \*   \*

9. The Custody Agreement's preamble states: "The undersigned hereby requests and authorizes Chemical Bank…to establish a Custody Account…for the purpose of holding or disposing of any property received by Chemical Bank for the undersigned…" Szulik Decl. Exh. 1 at 2.

**Response:** Admitted, except that the quote is incomplete and should read as follows:

"The undersigned hereby requests and authorizes Chemical Bank…to establish a Custody Account…for the purpose of holding or disposing of any property received by Chemical Bank for the undersigned subject to the instructions set forth herein." *Id.*

10. The Custody Agreement states at paragraph 10: "Statement of Account. A statement of all transactions in the Account, with a list of securities held in the Account, including current market value, if available to you, shall be rendered monthly." Szulik Decl. Exh. 1 at ¶ 10.

1

**Response:** Admitted.

11. The Custody Account Agreement states at paragraph 13: "Trading Activity. ...You shall not supervise, recommend or advise the undersigned relative to the investment, purchase, sale, retention or other disposition of any property held hereunder unless provided for by separate written agreement." Szulik Decl. Exh. 1 at ¶ 13.

**Response:** Admitted, except that the quote is incomplete and should read as follows:

> "Trading Activity. The undersigned shall have immediately available funds credited to the Account to cover the net payment for all purchases on the date agreed to for settlement. You have the right to refuse trades if sufficient funds are not available in the Account. You shall not supervise, recommend or advise the undersigned relative to the investment, purchase, sale, retention or other disposition of any property held hereunder unless provided for by separate written agreement." *Id.*

12. The Custody Account Agreement states at paragraph 12: "Limited Trading Authority. You are hereby authorized without further approval from the undersigned to act upon the following instructions, this authorization to continue in full force and effect until you receive written notice from the undersigned of the revocation thereof..." Szulik Decl. Exh. 1 at ¶ 12.

**Response:** Admitted.

13. The Custody Account Agreement states at paragraph 18: "Special Instructions. Fee equal to five basis points (.0005) annually, payable quarterly, in arrears. No transaction fees. Fee guaranteed for a minimum of two years from account inception." Szulik Decl. Exh. 1 at ¶ 40.

**Response:** Admitted.

14. Mr. Szulik testified at deposition that he did not recall whether he read the Custody Agreement at the time he signed it. Perla Decl. Ex. 49 (M. Szulik Tr.) at 165:10-24.

> **Response:** Admitted, but Mr. Szulik also testified at deposition that he recalled discussing the Custody Agreement with James Tagliaferri and he recalled the circumstances surrounding the execution of the Custody Agreement, including that there was no "in-person meeting with Chemical Bank representatives." Perla Decl. Ex. 49 (M. Szulik Tr.) at 165:10-167:4.

2

15. Mrs. Szulik testified at deposition that she did not read the Custody Agreement beyond the signature page that she signed, nor did she discuss the Custody Agreement with anyone other than Mr. Szulik. Perla Decl. Ex. 50 (K. Szulik Tr.) at 66:16-23; 70:10-24.

**Response:** Denied. The statement mischaracterizes Mrs. Szulik's testimony. Mrs. Szulik was not asked whether she had read the Custody Agreement. Rather, she was asked whether she had ever seen it before and she testified in response that she had only seen the signature page before. Regarding her discussions about the Custody Agreement, she was asked whether she discussed the agreement with anyone other than her husband or her attorneys, to which she answered that she had not. Perla Decl. Ex. 50 (K. Szulik Tr.) at 66:16-67; 69-70:20.

Dated: May 28, 2015

Respectfully submitted,

MATTHEW J. SZULIK and KYLE M. SZULIK,

By their attorneys,

/s/ Michael T. Maroney
Ralph T. Lepore, III (BBO #294420)
Jeremy Sternberg (BBO #556566)
Michael T. Maroney (BBO #653476)
Nathaniel F. Hulme (BBO #678447)
Christopher M. Iaquinto (BBO #685718)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850
ralph.lepore@hklaw.com
jeremy.sternberg@hklaw.com
michael.maroney@hklaw.com
nathaniel.hulme@hklaw.com
christopher.iaquinto@hklaw.com

Tracy A. Nichols (*pro hac vice*)
Stephen P. Warren (*pro hac vice*)
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

(305) 789-7736
tracy.nichols@hklaw.com
stephen.warren@hklaw.com

William F. Gould (*pro hac vice*)
HOLLAND & KNIGHT LLP
800 17th Street, NW
Washington DC 20006
(202) 419-2577
william.gould@hklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was served via email to the registered participants of the ECF system in the above-captioned matter on this 28th day of May, 2015.

/s/ Michael T. Maroney
Michael T. Maroney