**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

MATTHEW J. SZULIK and KYLE M.
SZULIK,

        Plaintiffs/Counterclaim-Defendants,

        v.

STATE STREET BANK AND TRUST
COMPANY,

        Defendant/Counterclaimant,

        v.

MICHAEL COLLEARY, in his capacity as
trustee of the Raymond W. Szulik Revocable
Trust and EDWARD ADAMS, in his capacity
as trustee of the Kaitlin Szulik Trust, Keenan
Szulik Trust and Brendan Szulik Trust,

        Counterclaim-Defendants.

Civil Action No. 1:12-cv-10018-NMG

**PROPOSED JURY INSTRUCTIONS OF**
**PLAINTIFFS AND COUNTERCLAIM-DEFENDANTS**

Plaintiffs and counterclaim-defendants Matthew J. Szulik and Kyle M. Szulik and

counterclaim-defendants Michael Colleary, in his capacity as trustee of the Raymond W. Szulik

Revocable Trust, and Edward Adams, in his capacity as trustee of the Kaitlin Szulik Trust,

Keenan Szulik Trust and Brendan Szulik Trust, (collectively, the "Szuliks") hereby submit the

following Proposed Jury Instructions.  The Szuliks respectfully request the right to modify or

supplement these proposed instructions based on the evidence admitted at trial and the Court's

rulings before and during the course of the trial.

Attached are the following:

I.      Proposed Instructions to be Given at the Beginning
        of the Case After the Jury is Sworn ..............................................................4

II      Proposed Instructions to be Given After Closing
        Arguments and Before the Jury Begins
        Deliberations .................................................................................................13

Dated:  July 13, 2015                  Respectfully submitted,

                                       MATTHEW J. SZULIK, KYLE M. SZULIK,
                                       MICHAEL COLLEARY, in his capacity as trustee
                                       of the Raymond W. Szulik Revocable Trust, and
                                       EDWARD ADAMS, in his capacity as trustee of
                                       the Kaitlin Szulik Trust, Keenan Szulik Trust and
                                       Brendan Szulik Trust,

                                       By their attorneys,

                                       /s/ Michael T. Maroney
                                       Ralph T. Lepore, III (BBO #294420)
                                       Jeremy Sternberg (BBO #556566)
                                       Michael T. Maroney (BBO #653476)
                                       Nathaniel F. Hulme (BBO #678447)
                                       Christopher M. Iaquinto (BBO #685718)
                                       HOLLAND & KNIGHT LLP
                                       10 St. James Avenue
                                       Boston, MA 02116
                                       Tel: (617) 523-2700
                                       Fax: (617) 523-6850
                                       ralph.lepore@hklaw.com
                                       jeremy.sternberg@hklaw.com
                                       michael.maroney@hklaw.com
                                       nathaniel.hulme@hklaw.com
                                       christopher.iaquinto@hklaw.com

                                       Tracy A. Nichols (*pro hac vice*)
                                       Stephen P. Warren (*pro hac vice*)
                                       HOLLAND & KNIGHT LLP
                                       701 Brickell Avenue, Suite 3000
                                       Miami, FL 33131
                                       (305) 789-7736
                                       tracy.nichols@hklaw.com
                                       stephen.warren@hklaw.com

                                       William F. Gould (*pro hac vice*)

HOLLAND & KNIGHT LLP
800 17th Street, NW
Washington DC 20006
(202) 419-2577
william.gould@hklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent those indicated as non-registered participants on July 13, 2015.

/s/ Nathaniel F. Hulme
Nathaniel F. Hulme

**Proposed Instructions to be Given at the Beginning of the Case After the Jury is Sworn**

PROPOSED JURY INSTRUCTION NO. 1.

**Duties of the Jury**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Hon. D. Brock Hornby, USDJ, *available at* http://www.mad.uscourts.gov/pdf/crpjilinks.pdf, and derived from Ninth Circuit Instruction 1.01.

<u>PROPOSED JURY INSTRUCTION NO. 2.</u>

**<u>Outline of the Trial</u>**

The first step in the trial will be the opening statements. The attorneys for the plaintiffs, Matthew and Kyle Szulik, in their opening statement will tell you about the evidence that they intend to put before you, so that you will have an idea of what their case is going to be.  After the Szuliks' opening statement, the attorneys for the defendant, State Street Bank and Trust Company, will make an opening statement.

The opening statements are not evidence. Their purpose is only to help you understand what the evidence will be and what the Szuliks and State Street Bank will try to prove.

Next the Szuliks will offer evidence in support of their claims against State Street Bank. The Szuliks' evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. After the Szuliks finish presenting their evidence, State Street Bank will present evidence in its behalf.  In a moment I will say more about the nature of evidence.

After you have heard all the evidence on both sides, the Szuliks and State Street Bank will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments the lawyers for the Szuliks and State Street Bank will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions. Your deliberations will be secret. You will never have to explain your verdict to anyone.

<u>Authority</u>: Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Hon. D. Brock Hornby, USDJ, *available at* http://www.mad.uscourts.gov/pdf/crpjilinks.pdf, and derived from the Federal Judicial Center Instructions 1.

PROPOSED JURY INSTRUCTION NO. 3.

**Evidence; Objections; Rulings; Bench Conferences**

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

<u>Authority</u>: Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Hon. D. Brock Hornby, USDJ, *available at* http://www.mad.uscourts.gov/pdf/crpjilinks.pdf, and derived from Federal Judicial Center Instruction 1, Eighth Circuit Instructions 1.03, 1.07 and Ninth Circuit Instructions 1.05, 1.06.

<u>PROPOSED JURY INSTRUCTION NO. 4.</u>

**<u>Credibility of Witnesses</u>**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness's testimony is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

<u>Authority</u>: Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Hon. D. Brock Hornby, USDJ, *available at* http://www.mad.uscourts.gov/pdf/crpjilinks.pdf, and derived from Eighth Circuit Instruction 1.05 and Ninth Circuit Instruction 1.07.

PROPOSED JURY INSTRUCTION NO. 5.

**Conduct of the Jury**

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side— even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

<u>Sixth</u>, do not do any research on the internet about anything in the case or consult blogs or dictionaries or other reference materials, and do not make any investigation about the case on your own;

<u>Seventh</u>, do not discuss the case or anyone involved with it, or your status as a juror on any social media or look up any of the participants there;

<u>Eighth</u>, if you need to communicate with me simply give a signed note to the courtroom deputy to give to me; and

<u>Ninth</u>, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

<u>Authority</u>: Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Hon. D. Brock Hornby, USDJ, *available at* http://www.mad.uscourts.gov/pdf/crpjilinks.pdf, and derived from Eighth Circuit Instruction 1.08 and Ninth Circuit Instruction 1.08.

<u>PROPOSED JURY INSTRUCTION NO. 6.</u>

### <u>Notetaking</u>

I am going to permit you to take notes in this case, and the courtroom deputy has

distributed pencils and pads for your use. I want to give you a couple of warnings about taking

notes, however. First of all, do not allow your note-taking to distract you from listening carefully

to the testimony that is being presented. If you would prefer not to take notes at all but simply to

listen, please feel free to do so. Please remember also from some of your grade-school

experiences that not everything you write down is necessarily what was said. Thus, when you

return to the jury room to discuss the case, do not assume simply because something appears in

somebody's notes that it necessarily took place in court. Instead, it is your collective memory

that must control as you deliberate upon the verdict. Please take your notes to the jury room at

every recess. I will have the courtroom deputy collect them at the end of each day and place

them in the vault. They will then be returned to you the next morning. When the case is over,

your notes will be destroyed. These steps are in line with my earlier instruction to you that it is

important that you not discuss the case with anyone or permit anyone to discuss it with you.

<u>Authority</u>: Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Hon. D. Brock Hornby, USDJ, *available at* http://www.mad.uscourts.gov/pdf/crpjilinks.pdf (citing *United States v. Porter*, 764 F.2d 1, 12 (1st Cir. 1985) ("The decision to allow the jury to take notes and use them during deliberations is a matter within the discretion of the trial court."); *United States v. Oppon*, 863 F.2d 141, 148 n.12 (1st Cir. 1988) (notes should only be used to refresh their recollections of the evidence presented and "not prevent [them] from getting a full view of the case."); and *United States v. Dardea*, 70 F.3d 1507, 1537 (1st Cir. 1995) (affirming trial court's decision to allow jurors to take notes only when viewing exhibits so as not to distract them from live testimony).

**Proposed Instructions to be Given**
**After Closing Arguments and Before the Jury Begins Deliberations**

PROPOSED JURY INSTRUCTION NO. 7.

**Duty of the Jury to Find Facts and Follow Law**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Hon. D. Brock Hornby, USDJ, *available at* http://www.mad.uscourts.gov/pdf/crpjilinks.pdf.

<u>PROPOSED JURY INSTRUCTION NO. 8.</u>

## <u>What is Evidence; Inferences</u>

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; deposition testimony played in court; and any facts to which the lawyers have agreed or stipulated.

A deposition is testimony that was given out of court by a witness under oath, in response to questions asked by either of the attorneys.  You are to treat a deposition in the same way as if the testimony had been given here in court.  As with all witnesses, it is for you to determine how believable and how significant that testimony is.

A stipulation means simply that the Szuliks and State Street Bank accept the truth of the particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

<u>Authority</u>:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Hon. D. Brock Hornby, USDJ, *available at* http://www.mad.uscourts.gov/pdf/crpjilinks.pdf; Massachusetts Superior Court Civil Practice Jury Instructions § 1.2.6 (MCLE 2014).

<u>PROPOSED JURY INSTRUCTION NO. 9.</u>

**<u>Charts and Summaries</u>**

The parties have presented exhibits in the form of charts and summaries.  I have admitted [certain of] these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

Alternatively, other charts and summaries were shown to you in order to make other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or the documents upon which they are based and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these charts and summaries than you would give to the evidence upon which they are based.

<u>Authority</u>: Massachusetts Superior Court Civil Practice Jury Instructions § 13.3.1 (MCLE 2014) (citing 4 Leonard B. Sand, et al., *Modern Federal Jury Instructions*, ¶ 74.06, at 74-35, 74-40 (1994)).

<u>PROPOSED JURY INSTRUCTION NO. 10.</u>

**<u>Kinds of Evidence; Direct and Circumstantial</u>**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

<u>Authority</u>:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Hon. D. Brock Hornby, USDJ, *available at* http://www.mad.uscourts.gov/pdf/crpjilinks.pdf, citing Ninth Circuit Instruction 1.05.

## PROPOSED JURY INSTRUCTION NO. 11.

### **Credibility of Witnesses**

As I mentioned at the outset of the case, in deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

In evaluating the testimony of the witnesses, you may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest that you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their version of the events.

Authority:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Hon. D. Brock Hornby, USDJ, *available at* http://www.mad.uscourts.gov/pdf/crpjilinks.pdf.

<u>PROPOSED JURY INSTRUCTION NO. 12.</u>

**<u>Weighing the Testimony of an Expert Witness</u>**

You have heard testimony from persons described as experts.  An expert has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

<u>Authority</u>:  Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Hon. D. Brock Hornby, USDJ, *available at* http://www.mad.uscourts.gov/pdf/crpjilinks.pdf, and derived from the Eighth Circuit Instruction 4.10.

<u>PROPOSED JURY INSTRUCTION NO. 13.</u>

**<u>Consideration of Deposition Evidence</u>**

During trial, testimony of some witnesses was presented to you by way of deposition.  A deposition consists of sworn answers, under oath, to questions that were asked of the witnesses in advance of trial.  Depositions can last many hours and may even take place over several days.  However, to conserve time, only portions of a deposition were presented to you.  Deposition testimony is entitled to the same consideration and should be given the same weight as you would give to the testimony of any other witness who was actually present at trial and testified from the witness stand.

<u>Authority</u>:  Fed. R. Civ. P. 32; *Case of Lettich*, 403 Mass. 389, 395 (1988) (recognizing that live and deposition testimony are entitled to equal weight).

PROPOSED JURY INSTRUCTION NO. 14.

**Adverse Inference – Spoliation**

You have heard testimony about evidence regarding an internal State Street Bank policy or procedure which has been lost or destroyed, called the Promissory Note Processing Procedure. When evidence is made unavailable, it is sometimes called "spoliation of evidence."  Spoliation may be innocent or intentional, or it may be somewhere in between.

It is for you to determine whether the loss of the State Street Bank policy or procedure was the result of innocent destruction or disposal in the ordinary course of business pursuant to established business practices and procedures.  If you find that the State Street Bank policy or procedure was destroyed, lost, or otherwise disposed of before State Street Bank should have known of the possibility of a lawsuit, then you should draw no adverse inference against State Street Bank.

However, if you find that the State Street Bank policy or procedure was lost or destroyed without satisfactory explanation after State Street Bank knew or should have known that the Szuliks had a pending legal claim, then you are permitted, but not required, to infer that the State Street Bank policy would have been unfavorable to State Street Bank.

Authority:  Massachusetts Superior Court Civil Practice Jury Instructions § 13.15 (MCLE 2014) (citing to *Gath v. M/A-COM, Inc.*, 440 Mass. 482, 491 (2003); *Kippenhan v. Chaulk Servs., Inc.*, 428 Mass. 124, 127 (1998); *Wellman v. Carter*, 286 Mass. 267, 251–52 (1934); *Nation-Wide Check Corp., Inc. v. Forest Hills Distrib., Inc.*, 692 F.2d 214, 217–18 (1st Cir. 1982)); *see also Blinzler v. Marriott Int'l, Inc.*, 81 F.3d 1148, 1158–59 (1st Cir. 1996); *Kelley v. United Airlines, Inc.*, 176 F.R.D. 422, 427–28 (D. Mass. 1997); *Scott v. Garfield*, 454 Mass. 790, 797–99 (2009).

<u>PROPOSED JURY INSTRUCTION NO. 15.</u>

**<u>Burden of Proof</u>**

In a civil action such as this, the parties bear the burden of proving their claims and defenses by a preponderance of the evidence.  This is a less stringent standard than is applied in a criminal case, where the prosecution must prove its case beyond a reasonable doubt.  The standard of preponderance of the evidence means the greater weight of the evidence.  A preponderance of the evidence is such evidence which, when considered and compared with any opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more probably true than not true.

A proposition is proved by a preponderance of the evidence if, after you have weighed the evidence, that proposition is made to appear more likely or probable in the sense that there exists in your minds an actual belief in the truth of that proposition derived from the evidence, notwithstanding any doubts that may still linger in your minds.

Simply stated, a matter has been proved by a preponderance of the evidence if you determine, after you have weighed all of the evidence that the matter is more probably true than not true.

<u>Authority</u>:  Massachusetts Superior Court Civil Practice Jury Instructions § 1.2.3 (MCLE 2014) (citing to *Sargent v. Massachusetts Accident Co.*, 307 Mass. 246, 250 (1940); *Lisbon v. Contributory Ret. App. Bd.*, 41 Mass. App. Ct. 246 (1996)); *see also Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993); *Quinones v. U.S. Postal Serv.*, No. 12–10120–JGD, 2013 WL 1328343, at *6 (D. Mass. Mar. 29, 2013).

PROPOSED JURY INSTRUCTION NO. 16.

**Negligence: Defined**

As you have heard, the Szuliks have brought a negligence claim against State Street

Bank.  The elements of a negligence claim are breach of a legal duty that is the proximate cause

of damages suffered by the plaintiff.

Negligence is lack of ordinary care.  In the circumstances of this case, State Street Bank

was negligent if it failed to use that degree of care that a reasonably prudent custodial bank

would have used under the same circumstances. Negligence may arise from doing an act that a

reasonably prudent custodial bank would not have done under the same circumstances, or, on the

other hand, from failing to do an act that a reasonably prudent custodial bank would have done

under the same circumstances.

In order to find that State Street Bank's negligence was a proximate cause of the harm

caused to the Szuliks, you must find that the negligence was a substantial factor in bringing

about the harm to the Szuliks.  The negligence need not be the only cause of the harm, but it

must be a substantial factor in bringing about the harm.

Authority: New York Pattern Jury Instructions – Civil § 2:10 (Dec. 2014) (citing
*Caldwell v. Island Park*, 304 N.Y. 268, 107 N.E.2d 441 (1952); *Sadowski v. Long Island R. Co.*,
292 N.Y. 448, 55 N.E.2d 497 (1944); *Landon v. Kroll Laboratory Specialists, Inc.*, 22 N.Y.3d 1,
977 N.Y.S.2d 676, 999 N.E.2d 1121 (2013); *Cooper v. Burt's Reliable, Inc.*, 105 A.D.3d 886,
964 N.Y.S.2d 195 (2d Dept 2013); *Bello v. Transit Authority of New York City*, 12 A.D.3d 58,
783 N.Y.S.2d 648 (2d Dept 2004); *Gray v. Gouz, Inc.*, 204 A.D.2d 390, 611 N.Y.S.2d 637 (2d
Dept 1994)).

*Strauss v. Belle Realty Co.*, 65 N.Y.2d 399, 492 N.Y.S.2d 555, 482 N.E.2d 34 (1985);
*Pulka v. Edelman*, 40 N.Y.2d 781, 390 N.Y.S.2d 393, 358 N.E.2d 1019 (1976); *Levine v. New
York*, 309 N.Y. 88, 127 N.E.2d 825 (1955); *Palsgraf v. Long Island R. Co.*, 248 N.Y. 339, 162
N.E. 99 (1928); *Schmidt v. Merchants Despatch Transp. Co.*, 270 N.Y. 287, 200 N.E. 824
(1936); *Larmore v. Crown Point Iron Co.*, 101 N.Y. 391, 4 N.E. 752 (1886); *Ohdan v. New York*,
268 A.D.2d 86, 706 N.Y.S.2d 419 (1st Dept. 2000).

<u>PROPOSED JURY INSTRUCTION NO. 17.</u>

**<u>Negligence: Statute of Limitations</u>**

State Street Bank has asserted a statute of limitations defense to the Szuliks' negligence claim. Ordinarily a negligence claim must be brought within three years of the date it "accrues" or arises.  Here, this case was commenced on January 4, 2012.  The question is whether the claim was brought within three years after the date on which the cause of action accrued.

The general rule is that a cause of action accrues on the day of the Szuliks' injury. However, the rule does not apply if the Szuliks did not know, or could not reasonably have known, that State Street Bank's actions or inactions caused them harm.  Stated another way, the Szuliks must have both (1) knowledge or sufficient notice that they were harmed and (2) knowledge or sufficient notice that State Street Bank was a cause of that harm.

Thus, the question comes down to when did the Szuliks "know" or when should the Szuliks have known that they had been harmed by State Street Bank's conduct?  "Know" means actual knowledge.  With respect to the question of whether the Szuliks "should have known," you will determine this by referring to what in your judgment a reasonable person would have known under the circumstances.

<u>Authority</u>: Massachusetts Superior Court Civil Practice Jury Instructions § 13.13 (MCLE 2014) (citing *Riley v. Presnell*, 409 Mass. 239, 243 (1991); *White v. Peabody Constr. Co.*, 386 Mass. 121, 130 (1982)); *Doherty v. Admiral's Flagship Condo. Trust*, 951 N.E.2d 936, 940 (Mass. App. Ct. 2011)

PROPOSED JURY INSTRUCTION NO. 18.

**Negligence: Standard of Care – Custodial Banks**

Custodial banks have a duty to perform both their contractual obligations and any voluntarily assumed duties with reasonable care.

In addition, custodial banks have a duty to monitor and safeguard their clients' assets outside of the contractual relationship.  For instance, custodial banks have a duty to safeguard the assets of their clients by implementing appropriate procedures and internal controls to ensure that their clients' assets are protected.  In addition, when custodial banks identify potentially wrongful conduct through their normal channels of business, such as by reviewing account balances or the documents necessary to transactions that are processed through those accounts, they have a duty to react to that wrongful conduct.  Custodial banks also have a duty to react to red flags that may signal problems within accounts by requiring more robust efforts to safeguard clients' assets in the face of such red flags.

Thus, if you find that State Street Bank failed to perform any duties with reasonable care, including those obligations either in the contract or that it voluntarily assumed, you may consider that evidence of negligence.  Moreover, if you find that State Street Bank failed to implement appropriate procedures or internal controls or failed to react appropriately to red flags or wrongful conduct, you may also consider that evidence of negligence.

Authority:  *Banco Multiple Santa Cruz v. Moreno*, 888 F. Supp. 2d 356, 368, 374, 377–78 (E.D.N.Y. 2012); *Muller-Paisner v. TIAA*, 5285 Fed. Appx. 37, 40–41 (2d Cir. 2013); *Morgan Stanley & Co. v. JP Morgan Chase Bank, N.A.*, 645 F. Supp. 2d 248, 255–56 (S.D.N.Y. 2009); *Valentini v. Citigroup, Inc.*, 837 F. Supp. 2d 304, 328 (S.D.N.Y. 2011); *Levinson v. Westport Nat'l Bank*, 900 F. Supp. 2d 143, 170 (D. Conn. 2012), *rev'd in part on other grounds*, 2013 WL 1294473 (D. Conn. Mar. 28, 2013); *Grabowski v. Bank of Boston*, 997 F. Supp. 111, 127–28 (D. Mass. 1997), *rev'd in part on other grounds*, 997 F. Supp. 130 (D. Mass. 1998).

<u>PROPOSED JURY INSTRUCTION NO. 19.</u>

**<u>Negligence: Standard of Care - Customary Business Practices; Internal Operating Procedures</u>**

You have heard evidence of the general customs and practices of others who are in the same business as State Street Bank. This evidence is to be considered by you in determining whether the conduct of State Street Bank was reasonable under the circumstances. State Street Bank's conduct is not to be considered unreasonable simply because someone else may have used a better practice. On the other hand, a general custom, use, or practice by those in the same business may be considered some evidence of what constitutes reasonable conduct in that business. You must first decide, from the evidence presented in this case, whether there is a general custom or practice among others who are in the same business as State Street Bank. If you find that there is a custom or practice, you may take that general custom or practice into account in assessing the level of care used by State Street Bank in this case. However, a general custom or practice is not the only test; what you must decide is whether, taking all the facts and circumstances into account, State Street Bank acted with reasonable care.

State Street Bank's internal policies or procedures also may provide some evidence of negligence. Specifically, if those policies or procedures establish a standard of care that is at least equal to how a reasonably prudent custodial bank would be expected to act under the same circumstances, then whether State Street Bank followed its internal policies and procedures can provide some evidence as to whether it exercised reasonable care, and thus some evidence as to whether it was negligent.

<u>Authority</u>:  New York Pattern Jury Instructions – Civil § 2:16 (Dec. 2014) (citing *Sawyer v. Dreis & Krump Mfg. Co.*, 67 N.Y.2d 328, 502 N.Y.S.2d 696, 493 N.E.2d 920 (1986); *Trimarco v. Klein*, 56 N.Y.2d 98, 451 N.Y.S.2d 52, 436 N.E.2d 502 (1982); *Miner v. Long Island Lighting Co.*, 40 N.Y.2d 372, 386 N.Y.S.2d 842, 353 N.E.2d 805 (1976); *Garthe v. Ruppert*, 264 N.Y. 290, 190 N.E. 643 (1934); *Cruz v. New York City Transit Authority*, 136 A.D.2d 196, 526 N.Y.S.2d 827 (2d Dept 1988)).

*Kush by Marszalek v. Buffalo*, 59 N.Y.2d 26, 462 N.Y.S.2d 831, 449 N.E.2d 725 (1983). *Brkani v. New York*, 211 A.D.2d 740, 621 N.Y.S.2d 696 (2d Dept 1995); *Clarke v. New York City Transit Authority*, 174 A.D.2d 268, 580 N.Y.S.2d 221 (1st Dept 1992); *Cincotta v. Johnson,* 130 A.D.2d 539, 515 N.Y.S.2d 115 (2d Dept 1987).

PROPOSED JURY INSTRUCTION NO. 20.

**Negligence: Foreseeability**

Negligence requires both a reasonably foreseeable danger of harm to another and conduct that is unreasonable in proportion to that danger. A person is only responsible for the results of his or her conduct if the risk of harm is reasonably foreseeable. The exact occurrence or exact harm does not have to be foreseeable; but harm as a result of negligent conduct must be not merely possible, but probable.

There is negligence if a reasonably prudent custodial bank in State Street Bank's position could have foreseen harm to the Szuliks as a result of the bank's conduct, and the bank acted unreasonably in light of what it could have foreseen. On the other hand, there is no negligence if a reasonably prudent custodial bank could not have foreseen any harm to the Szuliks as a result of the bank's conduct, or if the bank acted reasonably in the light of what it could have foreseen.

Authority: New York Pattern Jury Instructions – Civil § 2:12 (citing *Palsgraf v. Long Island R. Co.*, 248 N.Y. 339, 162 N.E. 99 (1928); *MacPherson v. Buick Motor Co.*, 217 N.Y. 382, 111 N.E. 1050 (1916)).

PROPOSED JURY INSTRUCTION NO. 21.

**Negligence: Causation**

An act or a failure to act is regarded as a cause of harm if it was a substantial factor in bringing about the harm, that is, if it had such an effect in producing the harm that reasonable people would regard it as a cause of the harm.   There may be more than one cause of harm, but to be substantial, it cannot be slight or trivial. You may, however, decide that a cause is substantial even if you assign a relatively small percentage to it.

There may be more than one cause of harm.  Where the independent and negligent acts or omissions of two or more parties cause harm to occur, each of those negligent acts or omissions is regarded as a cause of that harm provided that it was a substantial factor in bringing about that harm.

Authority: New York Pattern Jury Instructions – Civil § 2:70, 2:71 (Dec. 2014).

PROPOSED JURY INSTRUCTION NO. 22.

**Negligence: Intervening Cause**

State Street Bank claims that it is not responsible for the Szuliks' harm because the harm was caused by James Tagliaferri, a third person. If you find that State Street Bank was negligent but that the Szuliks' harm was also caused by James Tagliaferri, you may still find State Street Bank responsible for the Szuliks' harm.

In other words, if the Szuliks have shown that State Street Bank's negligence was at least one of the causes of the Szuliks' harm, the burden of proof is then upon State Street Bank to prove that James Tagliaferri was actually the sole cause of the Szuliks' harm in order to avoid responsibility entirely.  Otherwise, you may find State Street Bank liable for the Szuliks' harm even though State Street Bank was only partly at fault.

Authority:  New York Pattern Jury Instructions – Civil § 2:72 (Dec. 2014); *see also Grant v. Westinghouse Elec. Corp.*, 877 F. Supp. 806, 817 (E.D.N.Y. 1995); *Carson v. Dudley*, 25 A.D. 3d 983, 983–84 (N.Y. App. Div. 2006).

<u>PROPOSED JURY INSTRUCTION NO. 23.</u>

**<u>Negligence: Damages - Generally</u>**

If you find that the Szuliks are entitled to recover from State Street Bank, you must render a verdict in a sum of money that will justly and fairly compensate the Szuliks for all losses resulting from the harm they sustained.

My instruction to you on the law of damages must not be taken as a suggestion that you should find for the Szuliks. It is for you to decide on the evidence presented and the rules of law I have given you whether the Szuliks are entitled to recover from State Street Bank.

<u>Authority</u>:  New York Pattern Jury Instructions – Civil § 2:277 (Dec. 2014).

<u>PROPOSED JURY INSTRUCTION NO. 24.</u>

**<u>Negligence: Damages - Mitigation of Damages</u>**

A person who has been injured is not permitted to recover for damages that the person could have avoided by using means which a reasonably prudent person would have used to minimize the injury. Thus, you should determine whether the Szuliks sought to minimize the harm they suffered.

If the Szuliks acted reasonably in seeking to minimize their injury, they are entitled to their full damages.   However, if they did not act reasonably in seeking to minimize their damages, they are still entitled to their damages, but you should take that fact into consideration in arriving at the amount of damages that you award.

<u>Authority</u>:  New York Pattern Jury Instructions – Civil § 2:325 (Dec. 2014).

PROPOSED JURY INSTRUCTION NO. 25.

**Comparative Negligence**

If you find that State Street Bank was negligent and that State Street Bank's negligence contributed to causing the losses suffered by the Szuliks, you must next consider whether the Szuliks were also negligent and whether the Szuliks' conduct contributed to causing their losses.

The burden is on State Street Bank to prove that the Szuliks were negligent and that their negligence contributed to causing their own losses. If you find that the Szuliks were not negligent, or if negligent, that their negligence did not contribute to causing their losses, you must find that the Szuliks were not at fault and you must go on to consider damages, if any, sustained by the Szuliks.

If, however, you find that the Szuliks were negligent and that their negligence contributed to causing their losses, you must then apportion the fault between the Szuliks and State Street Bank.

Weighing all the facts and circumstances, you must consider the total fault, that is, the fault of both the Szuliks and State Street Bank and determine what percentage of fault is chargeable to each. In your verdict, you will state the percentages you find. The total of those percentages must equal one hundred percent.

For example, if you should find that State Street Bank and the Szuliks were equally at fault you would report that each was 50% responsible. If you should find that one party was more at fault, you would assign a higher percentage to that party and a lower percentage to the other, with the total of the percentages equaling one hundred percent.

Authority:  New York Pattern Jury Instructions – Civil § 2:36, 2:36.1 (Dec. 2014).

<u>PROPOSED JURY INSTRUCTION NO. 26.</u>

**<u>Breach of Contract: Elements</u>**

The Szuliks also seek to recover damages for breach of contract. The Szuliks claim that they had a contract with State Street Bank; that the Szuliks did what they were required to do under the contract; and that State Street Bank breached the contract. State Street Bank claims that it did what it was required to do under the contract.

The Szuliks have the burden of proving, by a preponderance of the evidence, that they had a contract with State Street Bank; that the Szuliks did what they were required to do under the contract; that State Street Bank breached the contract by not doing what it was required to do under the contract; and that the Szuliks sustained damages because of State Street Bank's breach.

The first element of this claim is undisputed.  Both parties agree there was a contract between the Szuliks and State Street Bank.  If you decide that the Szuliks have proven the rest of this claim, you will find for the Szuliks on their breach of contract claim and you will go on to consider the Szuliks' damages. If you decide that State Street Bank did not breach the contract, you will find for State Street Bank on the Szuliks' breach of contract claim.

<u>Authority</u>:  New York Pattern Jury Instructions – Civil § 4:1 (Dec. 2014) (citing *Palmetto Partners, L.P. v. AJW Qualified PartN.E.rs, LLC*, 83 A.D.3d 804, 921 N.Y.S.2d 260 (2d Dept. 2011); *Harris v. Seward Park Housing Corp.*, 79 A.D.3d 425, 913 N.Y.S.2d 161 (1st Dept. 2010); *JP Morgan Chase v. J.H. Elec. of New York, Inc.*, 69 A.D.3d 802, 893 N.Y.S.2d 237 (2d Dept. 2010); *Clearmont Property, LLC v. Eisner*, 58 A.D.3d 1052, 872 N.Y.S.2d 725 (3d Dept. 2009)).

<u>PROPOSED JURY INSTRUCTION NO. 27.</u>

**<u>Breach of Contract: Performance</u>**

The Szuliks claim that their contract required that State Street Bank follow generally accepted industry practices and comply with its internal policies and procedures in managing and safeguarding the Szuliks' assets.  In addition, where a person or entity contracts to perform services for another, it implicitly promises to perform the services in a reasonably diligent, skillful, workmanlike, and adequate manner.  Thus, the contract may be found to have been breached if the material, or significant, terms were performed negligently.

As discussed above, evidence of the general customs and practices of others who are in the same business as State Street Bank may be considered by you in determining whether State Street Bank performed its obligations under the contract negligently.  In addition, State Street Bank's internal policies and procedures can provide some evidence of negligence if those policies and procedures establish a standard of care that is at least equal to how a reasonably prudent custodial bank would be expected to act under the same circumstances.

<u>Authority</u>:  New York Pattern Jury Instructions – Civil § 2:16 (Dec. 2014) (citing *Sawyer v. Dreis & Krump Mfg. Co.*, 67 N.Y.2d 328, 502 N.Y.S.2d 696, 493 N.E.2d 920 (1986); *Trimarco v. Klein*, 56 N.Y.2d 98, 451 N.Y.S.2d 52, 436 N.E.2d 502 (1982); *Miner v. Long Island Lighting Co.*, 40 N.Y.2d 372, 386 N.Y.S.2d 842, 353 N.E.2d 805 (1976); *Garthe v. Ruppert*, 264 N.Y. 290, 190 N.E. 643 (1934); *Cruz v. New York City Transit Authority*, 136 A.D.2d 196, 526 N.Y.S.2d 827 (2d Dept 1988)).  *Kush by Marszalek v. Buffalo*, 59 N.Y.2d 26, 462 N.Y.S.2d 831, 449 N.E.2d 725 (1983). *Brkani v. New York*, 211 A.D.2d 740, 621 N.Y.S.2d 696 (2d Dept 1995); *Clarke v. New York City Transit Authority*, 174 A.D.2d 268, 580 N.Y.S.2d 221 (1st Dept 1992); *Cincotta v. Johnson,* 130 A.D.2d 539, 515 N.Y.S.2d 115 (2d Dept 1987).

Massachusetts Superior Court Civil Jury Instructions § 14.4.1(c) (MCLE 2014) (citing *Threlfall v. Coffee Roasters Prods.*, 306 Mass. 378, 380 (1940); *First Nat'l Bank of Boston v. Cartoni*, 295 Mass. 75, 78–79 (1936); *Previews, Inc. v. Everets*, 326 Mass. 333, 335 (1950); *Damiano v. Nat'l Grange Mut. Liab. Co.*, 316 Mass. 626, 628–29 (1944)); *Banco Multiple Santa Cruz, S.A. v. Moreno*, 888 F. Supp. 2d 356, 368–69 & n.14 (E.D.N.Y. 2012); *Trans Caribbean Airways, Inc. v. Lockheed Aircraft Serv.-Int'l, Inc.*, 14 A.D.2d 749, 749 (N.Y. App. Div. 1961); *Int'l Fid. Ins. Co. v. Gaco Western*, 229 A.D.2d 471, 474 (N.Y. App. Div. 1996).

<u>PROPOSED JURY INSTRUCTION NO. 28.</u>

**<u>Breach of Contract: Causation</u>**

If you determine that State Street Bank breached the contract, you must determine whether that breach caused the Szuliks' harm.  The Szuliks must demonstrate that the damages complained of were caused by State Street Bank's conduct.  The breach of the contract is regarded as a cause of harm if it was a substantial factor in bringing about the harm, that is, if it had such an effect in producing the harm that reasonable people would regard it as a cause of the harm.   There may be more than one cause of harm, but to be substantial, it cannot be slight or trivial. You may, however, decide that a cause is substantial even if you assign a relatively small percentage to it.

<u>Authority</u>:  *Dobbs v. Vornado, Inc.*, 576 F. Supp. 1072, 1078 (E.D.N.Y. 1983); New York Pattern Jury Instructions – Civil § 2:70, 2:71 (Dec. 2014); Massachusetts Superior Court Civil Jury Instructions § 14.9 (MCLE 2014).

PROPOSED JURY INSTRUCTION NO. 29.

**Breach of Contract: Damages**

If you find State Street Bank breached the contract and that breach of contract caused the Szuliks' damage, you must decide the amount of the Szuliks' damages, if any.  The basic principle of contract damages is that the injured party should be put in as good a position as if the other party had fully performed its obligations under the contract.  As with all other elements of this claim, the Szuliks have the burden of proving damages by a preponderance of the evidence.

The Szuliks must prove that they suffered damages with a reasonable degree of certainty.  If the Szuliks have shown that they suffered damages, the amount of damages requested cannot be speculative, but need not be proven to theoretical perfection.  Rather, the Szuliks need only provide a stable foundation for a reasonable estimate of damages.  It is then State Street Bank's burden to prove that the amount of damages offered by the Szuliks is so speculative as to be unrecoverable.   Ultimately, much of the determination as to the amount of damages is left to your sound discretion as the jury.

I am going to provide you with a special verdict form on which you will list the Szuliks' damages, if any.

Authority: New York Pattern Jury Instructions – Civil § 4:20 (2014) (citing *Tibbetts Contracting Corp. v. O & E Contracting Co.*, 15 N.Y.2d 324, 258 N.Y.S.2d 400, 206 N.E.2d 340 (1965); *New Era Homes Corporation v. Forster*, 299 N.Y. 303, 86 N.E.2d 757 (1949); *McMaster v. State*, 108 N.Y. 542, 15 N.E. 417 (1888); *Orange & Rockland Utilities, Inc. v. New England Petroleum Corp.*, 60 A.D.2d 233, 400 N.Y.S.2d 79 (1st Dept. 1977); *Farm Supplies Corp. v. Goldstein*, 240 App. Div. 330, 270 N.Y.S. 430 (3d Dept. 1934); *Industrial Engineering Co. v. Republic Storage Co.*, 220 App. Div. 178, 220 N.Y.S. 623 (1st Dept. 1927)); *see also Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 110–11 (2d Cir. 2007); *Freund v. Wash. Square Press, Inc.*, 34 N.Y.2d 379, 383 (1974); *Contemporary Mission, Inc. v. Famous Music Corp.*, 557 F.2d 918, 926 (2d Cir. 1977); Massachusetts Superior Court Civil Jury Instructions § 14.9 (MCLE 2014).

PROPOSED JURY INSTRUCTION NO. 30.

**Unjust Enrichment**

As you have heard, the Szuliks claim that State Street Bank was unjustly enriched at the Szuliks' expense in that State Street Bank collected fees based on an improperly inflated value of the Szuliks' assets. State Street Bank denies the Szuliks' claims and contends that it was entitled to rely on the valuations provided by the Szuliks' investment adviser.

Unjust enrichment occurs when one person has obtained money, property or a benefit from another person under such circumstances that, in fairness and good conscience, the money, property or benefit should not be retained. In those circumstances, the law requires that person to repay, return to or compensate the other person.

The Szuliks have the burden of proving that State Street Bank collected fees based on an improperly inflated value of the Szuliks' assets. If you decide that State Street Bank did not collect fees based on an improperly inflated value of the Szuliks' assets, you will find for State Street Bank on this claim. If you decide that State Street Bank collected fees based on an improperly inflated value of the Szuliks' assets, you will find that State Street Bank is liable to the Szuliks and you will go on to consider the value of the benefit State Street Bank obtained.

Authority:  New York Pattern Jury Instructions – Civil § 4:2 (Dec. 2014).

<u>PROPOSED JURY INSTRUCTION NO. 31.</u>

**<u>Proof of Liability</u>**

In order to recover damages on account of State Street Bank's legal fault, it is not necessary that the Szuliks prove all of their claims against State Street Bank.  It is sufficient to establish legal fault if the Szuliks convince you that State Street Bank either acted negligently or breached the parties' contract.

<u>Authority</u>:  *Martino v. Mass. Ba Transp. Auth.*, 230 F.2d 195, 201 (D. Mass. 2002) (recognizing that plaintiff can be successful on one instead of all alleged claims).

PROPOSED JURY INSTRUCTION NO. 32.

**Assessment of Damages**

Should you decide to award damages, you should assess damages on the negligence,

breach of contract, and unjust enrichment claims separately and without regard to whether you

have already awarded the same damages on the other claims.  The damages you award on each

claim will not be combined.  Instead, to insure there is no double recovery, you will be asked in a

separate question to determine the total amount of damages.

Authority:  *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447 (1993); *Britton v. Maloney*,
196 F.3d 24, 32 (1st Cir. 1999).

<u>PROPOSED JURY INSTRUCTION NO. 33.</u>

**<u>Counterclaims: Indemnification</u>**

**NOTE:**  *Remove instructions regarding the Szuliks (i.e., Matthew and Kyle Szulik) if the Court grants their motion for summary judgment with respect to State Street Bank's indemnification claim.*

When this lawsuit was initially filed on January 4, 2012, the Szuliks, the Raymond W. Szulik Trust, and the Szulik Children's Trusts, which consist of the Keenan Szulik Trust, the Kaitlin Szulik Trust, and the Brendan Szulik Trust, all asserted claims against State Street Bank. In other words, they were all plaintiffs.  However, the Raymond W. Szulik Trust and the Szulik Children's Trusts voluntarily dismissed their claims against State Street Bank on July 3, 2014, at which point they were no longer plaintiffs.  While the Raymond W. Szulik Trust and the Szulik Children's Trusts are no longer plaintiffs, State Street Bank contends that the Raymond W. Szulik Trust and the Szulik Children's Trusts must now indemnify State Street Bank for its costs, including its attorney's fees, in defending against their claims between January 4, 2012 and July 3, 2014, pursuant to the custody agreements between them.

As before, you must determine the terms of the parties' agreements, specifically whether, at the time of contracting, the parties intended for the indemnification provision to apply to claims between them (as opposed to claims brought by a third-party against State Street Bank). In deciding what the terms of the contract were, you should give all words their ordinary and commonly understood meaning.  You may consider the contract words used, the agreements as a whole, and the parties' actions in negotiating the contracts in order to determine the intent and expectations of the parties with respect to the indemnification provision.

You must determine whether, at the time of contracting, the Raymond W. Szulik Trust and the Szulik Children's Trusts intended to indemnify State Street Bank for its attorneys' fees

and costs against any later claims brought by the Raymond W. Szulik Trust and the Szulik Children's Trusts.  Because the contracts were primarily drafted by State Street Bank and the Raymond W. Szulik Trust and the Szulik Children's Trusts did not have a meaningful opportunity for negotiation of the terms, the contracts are considered contracts of adhesion, and as a result, any ambiguities in the contracts are to be strictly construed against State Street Bank, the party who prepared the contract.  Thus, if it is not apparent from the contract that the Raymond W. Szulik Trust and the Szulik Children's Trusts intended to agree to indemnify State Street Bank for claims between the parties, then you must find that the Raymond W. Szulik Trust and the Szulik Children's Trusts are not required to indemnify State Street Bank.

State Street Bank also claims that the Szuliks must indemnify State Street Bank for its costs, including attorney's fees, in defending against their claims between January 4, 2012 and the present, pursuant to the custody agreement between the Szuliks and State Street Bank. Rather than just determining what the parties' intent was with respect to the indemnification provision, you must determine whether it was unmistakably clear at the time of contracting that the Szuliks intended to indemnify State Street Bank for its attorneys' fees and costs in defending any later claims brought by the Szuliks.  Thus, if it is not unmistakably clear that the Szuliks intended to indemnify State Street Bank with respect to claims between the parties, then you must find that the Szuliks are not required to indemnify State Street Bank.

Authority:  Massachusetts Superior Court Civil Practice Jury Instructions § 14.3 (MCLE 2014) (citing *City of Springfield v. Dep't of Telecommcns. & Cable*, 457 Mass. 562, 568 (2010); *Kravetz v. Merchants Distrib., Inc.*, 387 Mass. 457, 460 (1982); *Rosenfield v. U.S. Trust Co.*, 290 Mass. 210 (1935)).

Massachusetts Superior Court Civil Practice Jury Instructions § 14.3.3(b) (MCLE 2014) (citing *Bank v. Thermo Elemental, Inc.*, 451 Mass. 638, 648–49 (2008); *Suffolk Constr. Co. v. Lanco Scaffolding Co.*, 47 Mass. App. Ct. 726 (1999); *Siebe, Inc. v. Louis M. Gerson Co.*, 74 Mass. App. Ct. 544, 550 n.12 (2009)).

*Chase Commercial Corp. v. Owen*, 32 Mass. App. Ct. 248, 253 (1992); *Kristian v. Comcast Corp.*, 446 F.3d 25, 62 n.24 (1st Cir. 2006); *Laiho v. Consol. Rail Corp.*, 4 F. Supp. 2d 45, 50 (D. Mass. 1998).

*Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 548 N.E.2d 903, 904–05 (N.Y. 1989); *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20–21 (2d Cir. 1996); *Homeward Residential, Inc. v. Sand Canyon Corp.*, No., 13 Civ. 2017, 2014 WL 2510809, at *14 (S.D.N.Y. May, 28, 2014).

<u>PROPOSED JURY INSTRUCTION NO. 34.</u>

**<u>Counterclaim Indemnification – Negligence and Gross Negligence Defense</u>**

If you conclude that the contracts require the Szuliks or the Raymond W. Szulik Trust to indemnify State Street Bank for its costs in defending against the claims brought against it, you must determine whether State Street Bank was negligent or committed willful misconduct in handling the accounts of the Szuliks and the Raymond Szulik Trust.  If State Street Bank was negligent or committed willful misconduct in how it handled the Szuliks' or the Raymond Szulik Trust's accounts, then the Szuliks and the Raymond Szulik Trust are not required to indemnify State Street Bank for its costs and attorney's fees.

You must also determine whether State Street Bank was grossly negligent or engaged in willful misconduct in handling the accounts of the Szulik Children's Trusts.  If State Street Bank was grossly negligent or engaged in willful misconduct in handling the accounts of the Szulik Children's Trusts, then the Szulik Children's Trusts are not required to indemnify State Street Bank.

As previously discussed, negligence is doing something that a reasonably prudent custodial bank would not do under the same or similar circumstances or failing to do something that a reasonably prudent custodial bank would do.  Negligence arises from the failure to exercise the degree of care, diligence, and forethought that the custodial bank of ordinary caution and prudence would have exercised under the circumstances.

Gross negligence has a higher standard than ordinary negligence.  Ordinary and gross negligence differ in degree of inattention such that gross negligence entails a lack of care beyond a mere failure to exercise ordinary care.  Some of the common indicia of gross negligence are "deliberate inattention or . . . voluntary incurring of obvious risk or . . . persistence in a palpably negligent course of conduct over an appreciable period of time."

Willful misconduct occurs when the defendant is so utterly indifferent to the rights of others that the defendant acts as if such rights did not exist.

Authority: Massachusetts Superior Court Civil Practice Jury Instructions § 2.1.2 (MCLE 2014) (citing *Mass. Lobstermen's Ass'n v. United States*, 554 F. Supp. 740, 742 (D. Mass. 1982); *Goldstein v. Gontarz*, 364 Mass. 800, 805 (1974); *Beaver v. Costin*, 352 Mass. 624, 626 (1967); *Altman v. Aronson*, 231 Mass. 588, 591 (1919).

Massachusetts Superior Court Civil Practice Jury Instructions § 3.16 (MCLE 2014) (citing *Altman v. Aronson*, 231 Mass. 588, 591–92 (1919); *Pruzynski v. Malinowski*, 338 Mass. 58, 60 (1958)).

Massachusetts Superior Court Civil Practice Jury Instructions § 3.15 (MCLE 2014).

<u>PROPOSED JURY INSTRUCTION NO. 35.</u>

**<u>Counterclaim: Indemnification – Damages</u>**

If you find (i) that the Szuliks, the Raymond W. Szulik Trust, or the Szulik Children's Trusts intended to indemnify State Street Bank for all losses or liability, including attorney fees, in defending against the claims brought by these parties, and (ii) that State Street Bank was not negligent and did not commit willful misconduct in its handling of the Szuliks' account or the Raymond Szulik Trust account, or that State Street Bank did not commit gross negligence or willful misconduct in its handling of the Szulik Children's Trusts' accounts, then you must determine how much the indemnification amount will be.

State Street Bank has the burden of proving its damages by a preponderance of the evidence.  Thus, State Street Bank has the burden of proving the amount of any loss or liability, including reasonable attorney's fees, it claims to have suffered in defending against the claims asserted by the Szuliks, the Raymond W. Szulik Trust, or Szulik Children's Trusts.

<u>Authority</u>: *Caldwell Tanks, Inc. v. Haley & Ward, Inc.*, 471 F.3d 210, 213–14 (1st Cir. 2006).

#35597714_v7