**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MATTHEW J. SZULIK and KYLE M. SZULIK, <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant/Counterclaimant, <br><br> v. <br><br> MICHAEL COLLEARY, in his capacity as trustee of the Raymond W. Szulik Revocable Trust and EDWARD ADAMS, in his capacity as trustee of the Kaitlin Szulik Trust, Keenan Szulik Trust and Brendan Szulik Trust, <br><br> Counterclaim-Defendants. | Civil Action No. 1:12-cv-10018-NMG |

## PLAINTIFFS' AND COUNTERCLAIM-DEFENDANTS' REQUEST FOR SPECIAL JURY QUESTIONS

Plaintiffs and counterclaim-defendants Matthew J. Szulik and Kyle M. Szulik and counterclaim-defendants Michael Colleary, in his capacity as trustee of the Raymond W. Szulik Revocable Trust, and Edward Adams, in his capacity as trustee of the Kaitlin Szulik Trust, Keenan Szulik Trust and Brendan Szulik Trust, (collectively, the "Szuliks") respectfully request that the Court submit to the jury the special jury verdict questions attached hereto. The Szuliks respectfully request the right to modify or supplement these proposed special jury questions based on the evidence admitted at trial and the Court's rulings before and during the course of the trial.

Date: July 13, 2015                    Respectfully submitted,

MATTHEW J. SZULIK and KYLE M. SZULIK, MICHAEL COLLEARY, in his capacity as trustee of the Raymond W. Szulik Revocable Trust and EDWARD ADAMS, in his capacity as trustee of the Kaitlin Szulik Trust, Keenan Szulik Trust and Brendan Szulik Trust

By their attorneys,

/s/ Michael T. Maroney
Ralph T. Lepore, III (BBO #294420)
Jeremy M. Sternberg (BBO #556566)
Michael T. Maroney (BBO #653476)
Nathaniel F. Hulme (BBO #678447)
Christopher M. Iaquinto (BBO #685718)

HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850
ralph.lepore@hklaw.com
jeremy.sternberg@hklaw.com
michael.maroney@hklaw.com
nathaniel.hulme@hklaw.com
christopher.iaquinto@hklaw.com


Tracy A. Nichols (*pro hac vice*)
Stephen P. Warren (*pro hac vice*)
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 789-7736
tracy.nichols@hklaw.com
stephen.warren@hklaw.com

William F. Gould (*pro hac vice*)
HOLLAND & KNIGHT LLP
800 17th Street, NW
Washington DC 20006
(202) 419-2577
william.gould@hklaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent those indicated as non-registered participants on July 13, 2015.

              /s/ Nathaniel F. Hulme
              Nathaniel F. Hulme

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MATTHEW J. SZULIK and KYLE M. SZULIK,<br><br>    Plaintiffs/Counterclaim-Defendants,<br><br>    v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>    Defendant/Counterclaimant,<br><br>    v.<br><br>MICHAEL COLLEARY, in his capacity as trustee of the Raymond W. Szulik Revocable Trust and EDWARD ADAMS, in his capacity as trustee of the Kaitlin Szulik Trust, Keenan Szulik Trust and Brendan Szulik Trust,<br><br>    Counterclaim-Defendants. | Civil Action No. 1:12-cv-10018-NMG |

## **VERDICT**

### **NEGLIGENCE CLAIM**

1. Have the Szuliks proven by a preponderance of the evidence that State Street Bank was negligent?

    Yes_____          No_____

    *If you answered "Yes" to question 1, then move on to question 2.*
    *If you answered "No" to question 1, then move on to question 5.*

2. Have the Szuliks proven by a preponderance of the evidence that State Street Bank's negligence was a substantial factor in bringing about the Szuliks' harm?

    Yes_____          No_____

    *If you answered "Yes" to question 2, then move on to question 3.*
    *If you answered "No" to question 2, then move on to question 5.*

3. Have the Szuliks proven by the preponderance of the evidence that prior to January 4, 2009 they did not know or reasonably should not have known that State Street Bank's negligence caused them harm?

    Yes_____          No_____

    *Move on to question 4a.*

4a. Has State Street Bank proven by a preponderance of the evidence that the Szuliks were negligent?

    Yes_____          No_____

    *If you answered "Yes" to question 4a, then move on to question 4b.*
    *If you answered "No" to question 4a, then move on to question 5.*

4b. Has State Street Bank proven by a preponderance of the evidence that the Szuliks' negligence contributed to their harm?

    Yes_____          No_____

    *If you answered "Yes" to question 4b, then move on to question 4c.*
    *If you answered "No" to question 4b, then move on to question 5.*

4c. If you answered "Yes" to both questions 4a and 4b, then state in percentage terms the extent to which the parties' negligence contributed to the Szuliks' harm.

    State Street Bank's negligence          _____%

    The Szuliks' negligence                 _____%

                                            Total = 100%

    *Move on to question 5.*

### BREACH OF CONTRACT CLAIM

5. Have the Szuliks proven by a preponderance of the evidence that State Street Bank breached the contract between them?

    Yes_____          No_____

    *If you answered "Yes" to question 5, then move on to question 6.*
    *If you answered "No" to question 5, then move on to question 7.*

6. Have the Szuliks proven by a preponderance of the evidence that they sustained damages as a result of State Street Bank's breach of contract?

   Yes_____          No_____

   *Move on to question 7.*

**UNJUST ENRICHMENT CLAIM**

7. Have the Szuliks proven by a preponderance of the evidence that, in fairness and good conscience, State Street Bank should return to the Szuliks the custodial fees that the Szuliks paid to State Street Bank?

   Yes_____          No_____

   *Move on to question 8.*

**DAMAGES**

8. What are the damages that the Szuliks have proven by a preponderance of the evidence will fairly compensate them for their harm for each claim?

   Negligence              $_____

   Breach of Contract      $_____

   Unjust Enrichment       $_____

   *Move on to question 9.*

9. What are the total damages that the Szuliks have proven by a preponderance of the evidence will fairly compensate them for their harm?

   Total                   $_____

   *Move on to question 10a.*

**INDEMNIFICATION COUNTERCLAIMS**

10a. Has State Street Bank proven by a preponderance of the evidence that when it entered into the custody agreement with the Szuliks, it was unmistakably clear that, if the Szuliks were to later sue State Street Bank, the Szuliks would be required to indemnify State Street Bank for its attorneys' fees and costs in defending against such lawsuit?

   Yes_____          No_____

   *If you answered "Yes" to question 10a, then move on to question 10b.*
   *If you answered "No" to question 10a, then move on to question 11a.*

10b. Was State Street Bank negligent or did it commit willful misconduct in how it handled the Szuliks' account?

   Yes_____          No_____

   *If you answered "Yes" to question 10b, then move on to question 11a.*
   *If you answered "No" to question 10b, then move on to question 10c.*

10c. Has State Street Bank proven by a preponderance of the evidence that it incurred expenses (including reasonable attorneys' fees) in defending against the claims brought by the Szuliks?

   Yes_____          No_____

   *If you answered "Yes" to question 10c, then move on to question 10d.*
   *If you answered "No" to question 10c, then move on to question 11a.*

10d. What is the amount of the expenses that State Street Bank has proven by a preponderance of the evidence that it incurred in defending against the claims brought by the Szuliks that are independent from those expenses incurred defending against the Raymond W. Szulik Trust's claims and the Szulik Children's Trusts' claims?

   Total Expenses          $_____

   *Move on to question 11a.*

7

11a. Has State Street Bank proven by a preponderance of the evidence that when it entered into the custody agreement the Raymond W. Szulik Trust, the parties intended for the Raymond W. Szulik Trust to indemnify State Street Bank for attorneys' fees and costs incurred by State Street Bank against any later claims brought by the Raymond W. Szulik Trust?

Yes_____          No_____

*If you answered "Yes" to question 11a, then move on to question 11b.*
*If you answered "No" to question 11a, then move on to question 12a.*

11b. Was State Street Bank negligent or did it commit willful misconduct in how it handled the Raymond W. Szulik Trust account?

Yes_____          No_____

*If you answered "Yes" to question 11b, then move on to question 12a.*
*If you answered "No" to question 11b, then move on to question 11c.*

11c. Has State Street Bank proven by a preponderance of the evidence that it incurred expenses (including reasonable attorneys' fees) in defending against the claims brought by the Raymond W. Szulik Trust?

Yes_____          No_____

*If you answered "Yes" to question 11c, then move on to question 11d.*
*If you answered "No" to question 11c, then move on to question 12a.*

11d. What is the amount of expenses that State Street Bank has proven by a preponderance of the evidence that it incurred in defending against the claims brought by the Raymond W. Szulik Trust from January 4, 2012 to July 3, 2014 that are independent from those expenses incurred defending against the Szuliks' claims and the Szulik Children's Trusts' claims?

Total Expenses          $_____

*Move on to question 12a.*

12a. Has State Street Bank proven by a preponderance of the evidence that when it entered into the custody agreements with the Szulik Children's Trusts, the parties intended for the Szulik Children's Trusts to indemnify State Street Bank for its attorneys' fees and costs incurred by State Street Bank against any later claims brought by the Szulik Children's Trusts?

   Yes_____          No_____

   *If you answered "Yes" to question 12a, then move on to question 12b.*
   *If you answered "No" to question 12a, stop and sign and return the verdict form to the Courtroom Clerk.*

12b. Was State Street Bank grossly negligent or did it commit willful misconduct in handling the Szulik Children's Trusts' accounts?

   Yes_____          No_____

   *If you answered "Yes" to question 12b, stop and sign and return the verdict form to the Courtroom Clerk.*
   *If you answered "No" to question 12b, then move on to question 12c.*

12c. Has State Street Bank proven by a preponderance of the evidence that it incurred expenses (including reasonable attorneys' fees) in defending against the claims brought by the Szulik Children's Trusts?

   Yes_____          No_____

   *If you answered "Yes" to question 12c, then move on to question 12d.*
   *If you answered "No" to question 12c, stop and sign and return the verdict form to the Courtroom Clerk.*

12d. What is the amount of expenses that State Street Bank has proven by a preponderance of the evidence that it incurred in defending against the claims brought by the Szulik Children's Trusts from January 4, 2102 to July 3, 2014 that are independent from those expenses incurred defending against the Szuliks' claims and the Raymond W. Szulik Trust's claims?

   Total Expenses          $_____

   *Sign and return the verdict form to the Courtroom Clerk.*

Date: _____          _____
                              FOREPERSON

#36180979_v1

9