# EXHIBIT 3

## **TABLE OF CONTENTS**

A.    Introduction to Final Jury Instructions ...................................................................1

I.    Part I ...................................................................................................................2

    A.    General Instructions ...............................................................2

    B.    Note Taking ..........................................................................6

    C.    Credibility .............................................................................7

    D.    Prior Inconsistent Statements ...............................................9

    E.    Deposition Testimony .........................................................10

    F.    Expert Witness ...................................................................11

    G.    Burden of Proof..................................................................12

    H.    Sympathy ............................................................................14

    I.    Corporate Plaintiff .............................................................15

II.    Part II ................................................................................................................16

    A.    Introduction ........................................................................16

    B.    Indemnification ..................................................................17

    C.    Damages.............................................................................18

    D.    Indemnification Damages ...................................................20

III.    Part III ...............................................................................................................21

    A.    Procedures During Deliberations ........................................21

A.    **Introduction to Final Jury Instructions**

Members of the jury:

You have now heard the evidence and the closing arguments in this case.  It is now my duty to instruct you on the law that you must follow and apply.  In any jury trial there are, in effect, two judges.  I am one of the judges and you, collectively, are the other.  It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is also my duty at the end of the trial to instruct you on the law applicable to the case.  You, as jurors, are judges of the facts.  But in determining what actually happened in this case, that is, in reaching your decision as to the facts, it is your sworn duty to follow the law as I am about to define it for you.  When I have finished, you will begin your discussion with each other, what we call jury deliberations.

To help you understand and remember these instructions on the law, I will divide them into three parts: <u>First</u>, opening general instructions intended to guide you throughout your deliberations; <u>second</u>, instructions about the claims, about questions you will be asked to answer (as stated in the Verdict Form), and about the law you must apply in considering these questions; and <u>third</u>, some additional general instructions about procedures during your deliberations.

These instructions are somewhat complicated, and I ask you to pay very careful attention. I need to read them because I cannot commit to memory all of the law about which I have to instruct you, but I will submit to you a written copy of this charge when you go to the jury room. I want to caution you right away, however, not to dwell on any one particular portion of it, if you decide to review it at all, because you must consider these instructions as a whole and not just one individual particular instruction.  So I ask you to do your best to stay with me.

<u>Source</u>:  Judge Gorton's Charge to the Jury, *Deutsche Bank National Trust Company as Trustee v. Barry*, No. 08-11141 (D. Mass. Jan. 26, 2010), ECF No. 77.

I.      **PART I**

A.      **General Instructions**

All of my instructions are about the law you must apply.  I do not mean any of my instructions to be understood by you as a comment by me on the facts or on the evidence in this case.  It is your function to determine the facts.  Although the law allows a trial judge in this court to comment on evidence, I deliberately do not do so and instead leave the fact finding entirely in your hands.  You are to be the sole and exclusive judges of the facts.

Fortunately, you do not need to resolve every dispute of fact raised by the evidence.  In order to know which fact disputes are important, you need to know what rules of law to apply.  I have explained some of the rules to you during the course of the trial, and I will explain others to you now.  The lawyers were allowed to comment during their arguments on some of these rules of law, but if what they have said about the law differs in any way from my instructions, you must be guided only by the instructions on the law as I state them.

You must follow all of the rules as I explain them to you.  A single sentence or statement might not refer to an exception or qualification that I have stated elsewhere in these instructions, so you must consider all these instructions together, as a unit.

Even if you disagree with one or more of the rules of law, or don't understand the reasons for them, you are bound to follow them.  This is a fundamental part of our system of government by law rather than by the individual views of the judge or jurors who have the responsibility for deciding a case.  If I make any mistake in instructing you about the law, fair and even-handed application of the law to this and other cases is nevertheless assured, because any mistake I make on the law can be corrected on appeal.

In contrast, your decision on disputed facts is final.  That is, your findings on material disputed facts are not subject to appeal.  You are the final and exclusive judges of the facts.

In your fact finding, of course, you are not to be swayed by bias, prejudice, sympathy or antagonism.  It is your function to find the facts fairly and impartially, on the basis of the evidence.

The evidence in the case consists of all exhibits received into evidence, all facts that may have been admitted or stipulated and all of the sworn testimony of the witnesses.  A stipulation means simply that the parties accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  "Demonstrative exhibits" that were used to illustrate or explain a witness's testimony are not evidence.  Statements and arguments of counsel are not evidence in the case.  Any evidence ordered stricken by the Court must also be disregarded.  Anything you may have seen or heard outside the courtroom is not evidence and you must disregard it entirely.  Your verdict must be based solely on the evidence presented in this courtroom and in accordance with my instructions.

Also, from the facts proved, you may draw reasonable inferences about additional facts.  An inference is a deduction or conclusion.  An inference is an additional finding that your experience, reason and common sense lead you to draw from facts that you find are proved by the evidence.

Two more phrases often used in discussions about evidence received in a trial are "direct evidence" and "circumstantial evidence."

Testimony of a witness showing first-hand observation of a fact by that witness is direct evidence.  For example, the testimony of an eyewitness just about what he or she saw is direct evidence.  If the witness is permitted to go beyond what he or she saw and is permitted to state a conclusion, or inference, or opinion, that part of the answer is not direct evidence.  Instead, it is one kind of circumstantial evidence.

Circumstantial evidence is proof of some facts, including events and circumstances, on the basis of which the jury may infer the existence or nonexistence of additional facts.

For example, let's suppose that you have been in this courtroom for a few hours and you have not been able to look outside. A man comes into this courtroom wearing a wet raincoat and carrying a dripping umbrella. You may draw the inference from those circumstances that it is raining outside. That is what we call circumstantial evidence as opposed to direct evidence which would be the testimony of the man in the wet raincoat taking the stand and telling you that it is raining outside.

Direct and circumstantial evidence have equal standing in law. That is, with respect to what weight shall be given to evidence before you, the law makes no distinction between direct and circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence. You are to consider all the evidence in the case and give each item of evidence the weight you believe it deserves.

Any inference that you draw from the facts proved must be a reasonable one and not merely conjecture or guesswork. You might decide that you do not have a sufficient basis to decide what inference to draw. It is for you, as judges of the facts, to decide whether the evidence before you is or is not sufficient for you to draw an inference. Ultimately, in drawing inferences, you should use your common sense.

If any reference by the Court or by the lawyers to matters of evidence is different from the way you remember the evidence, let your collective memory control.

At times during the trial you heard lawyers object to questions asked by the other lawyer, and to answers by witnesses. It is a proper function of lawyers to object. In objecting, a lawyer is requesting that I make a decision on a question of law. Do not draw from such objections, or

from my rulings on the objections, any inferences about facts.  The objections and my rulings related only to legal questions that I had to determine.  They should not influence your thinking about the facts.

When I sustained an objection to a question, the witness was not allowed to answer.  Do not attempt to guess what the answer might have been.  And, if you heard an answer to the question before my ruling, you are to disregard it.  In your deliberations, do not consider or talk about any question to which I sustained an objection or any answer or other statement that I excluded, or struck, or told you not to consider.

Also, during the course of the trial I may have made comments to the lawyers, or spoken to a witness concerning the manner of his or her testifying.  Do not assume from anything that I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

Source:  Based on Judge Gorton's Charge to the Jury, *Deutsche Bank National Trust Company as Trustee v. Barry*, No. 08-11141 (D. Mass. Jan. 26, 2010), ECF No. 77.

**B.**     <u>**Note Taking**</u>

At the beginning of the trial, I instructed you about taking notes.  I remind you that notes taken by any juror are not evidence in the case and must not take precedence over your independent recollection of the evidence received in the case.  Notes are only an aid to recollection and are not entitled to any greater weight than actual recollection or the impression of each juror as to what the evidence actually is.

<u>Source</u>:  Judge Gorton's Charge to the Jury, *Deutsche Bank National Trust Company as Trustee v. Barry*, No. 08-11141 (D. Mass. Jan. 26, 2010), ECF No. 77.

C.     **Credibility**

An important part of your job as jurors will be deciding whether or to what extent you believe what each witness had to say, and how important that testimony was.  You are the sole judges of the credibility of each witness.  In deciding whether to believe a witness or how much weight to give a witness's testimony, you may consider anything that reasonably helps you to assess that testimony.  The following are the kinds of questions you may want to consider in evaluating a witness's credibility.  Did the person seem honest?  Did he [or she] have some reason not to tell the truth?  Did the witness have an interest in the outcome of the case?  Did he [or she] gain any personal advantage by testifying in this case?  Did the witness seem to have a good memory?  Did the witness's testimony differ from his [or her] earlier testimony or from the testimony of other witnesses?  Was the witness's testimony different on cross and direct examination?  What was the witness's manner while testifying?  These are some, but, of course, not all, of the kinds of things that will help you decide how much weight to give to what each witness said.

You may also consider any demonstrated bias, prejudice or hostility of a witness in deciding what weight to give to the testimony of that witness.

The mere number of witnesses or exhibits or the length of the testimony has no bearing on what weight you give to evidence, or on whether you find that the burden of proof has been met.  Weight does not mean the amount of the evidence.  Weight means your judgment about the credibility and importance of the evidence.

You may consider inconsistencies or differences as you weigh evidence, but you do not have to discredit testimony merely because an inconsistency or difference exists.  Two or more witnesses may see or hear things differently.  Innocent misrecollection, like failure of recollection, is a common experience.  In weighing the effect of any inconsistency or difference,

consider whether it concerns a matter of importance or an unimportant detail, and whether it results from innocent error or intentional falsehood.

On the other hand, you are not required to accept testimony merely because it is uncontradicted.  You may decide, because of the witness's bearing and demeanor, or because of inherent improbability, or for whatever reason, that a witness's testimony is not worthy of belief. You may accept all of a witness's testimony or you may reject all of it, or you may accept part and reject another part.

<u>Source</u>:  Based on Judge Gorton's Charge to the Jury, *Deutsche Bank National Trust Company as Trustee v. Barry*, No. 08-11141 (D. Mass. Jan. 26, 2010), ECF No. 77.

### D.    <u>Prior Inconsistent Statements</u>

You have heard evidence that at some earlier time a witness has said or done something which counsel argue is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent statement is not to be considered as affirmative evidence in determining credibility. Rather, it was placed before you for the more limited purpose of helping you decide whether, or how much, if any, of that witness's trial testimony to believe.

In making this determination, you may consider whether the witness purposely made a false statement or made an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency, and if so, whether it appeals to your common sense.

<u>Source</u>:  Judge Gorton's Charge to the Jury, *Deutsche Bank National Trust Company as Trustee v. Barry*, No. 08-11141 (D. Mass. Jan. 26, 2010), ECF No. 77.

**E.**     <u>**Deposition Testimony**</u>

During the trial, certain testimony was presented to you by the playing of deposition videotapes and the reading of deposition transcripts. A deposition is simply a procedure where the attorneys for one side may question a witness or an opposing party under oath in the presence of a court reporter prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. This sworn testimony is entitled to the same consideration you would give it had the witness personally appeared in court.

<u>Source</u>:  Judge Gorton's Charge to the Jury, *Osorio v. One World Technologies, Inc.*, No. 06-10725 (D. Mass. March 3, 2010), ECF No. 146.

### F.      <u>Expert Witness</u>

During the trial you have heard testimony from individuals having specialized skill or knowledge.  Such a witness is referred to as an "expert witness".  The mere fact that a witness is allowed to testify as one having specialized knowledge or experience does not indicate that you must believe that testimony.  Nor should you substitute the expert's testimony for your own reasonable judgment and common sense.  The credibility of each witness is for you to determine.

The law allows a person having specialized knowledge or experience to state an opinion in court about matters in that person's particular field.  The fact that such a witness expressed an opinion does not mean, however, that you must accept that opinion.  It is for you to decide whether the opinions expressed were mere speculations or guesses, which you should disregard, or were instead based on sound reasons, judgment and facts.

If you find that part or all of the opinion testimony was based on stated or unstated assumptions, and you further find that those assumptions are contrary to what you find on the evidence before you, then you will disregard any part of the opinion testimony that was based on assumptions contrary to your factual findings.

Also, your decision whether or not to rely upon opinion testimony by an expert witness will depend on your judgment about whether the witness's training and experience is sufficient for him to give the opinion that you heard.

It is up to you, bearing all these considerations in mind, to decide whether you believe and choose to rely on the testimony of a witness having specialized knowledge or experience.  You may accept all of it, part of it, or none of it, as you find appropriate.

<u>Source</u>:  Judge Gorton's Charge to the Jury, *Deutsche Bank National Trust Company as Trustee v. Barry*, No. 08-11141 (D. Mass. Jan. 26, 2010), ECF No. 77.

### G.    **Burden of Proof**

In this case, State Street has alleged claims against (i) the Plaintiffs and (ii) the Trustees of the Trusts established for the benefit of Raymond W. Szulik, Kaitlin Szulik, Brendan Szulik, and Keenan Szulik (which I will refer to collectively as the "counterclaim Defendants") for contractual indemnification.

Because this is a civil case, State Street has the burden of proving every disputed element of its claims by a preponderance of the evidence.  If you conclude that State Street has failed to establish a claim by a preponderance of the evidence, you must decide against State Street on that issue.

To establish something by a preponderance of the evidence means to prove that it is more likely true than not true.  It means that such evidence, when considered and compared with the evidence opposed to it, has more convincing force and produces in your mind the belief that what is sought to be proved is more likely true than not true.  As I said at the beginning of the trial, to put it differently, if you were to put State Street's and the counterclaim Defendants's evidence on opposite sides of the scales, State Street would have to make the scales tip somewhat to its side with respect to its claims.  In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have introduced them.  The burden of proof has not been carried if, after considering all the evidence, you find that you must speculate, guess or imagine that one or more of the necessary facts is true.

Although, on the claims involved in this case, the burden is on the party seeking to establish the claim to prove its contentions by a preponderance of the evidence, this rule does not, of course, require proof to an absolute certainty.  Nor is proof beyond a reasonable doubt or

by clear and convincing evidence required.  As to all of the issues in this case, the standard for defining the burden of proof is the "preponderance of the evidence" standard.

Source:  Based on Judge Gorton's Charge to the Jury, *Am. Process Equipment Co., Inc. v. Atlantic Mutual Ins. Co*., No. 04-10736 (D. Mass. Dec. 16, 2005), ECF No. 37, modified to reflect the claims and defenses in this case.

**H.**    **<u>Sympathy</u>**

In many cases there is an element of sympathy which surrounds the trial.  People involved in the case may be deserving of sympathy in everyday life.  However, the courtroom is not the place for sympathy.  When you decide this case, you must do so on the basis of the facts as you find them, disregarding sympathy and emotion.  You must consider the evidence in a calm, dispassionate, analytical manner in accordance with the burden of proof I have just described and the specific instructions I will give you momentarily.

<u>Source</u>: Judge Gorton's Charge to the Jury, *Deutsche Bank National Trust Company as Trustee v. Barry*, No. 08-11141 (D. Mass. Jan. 26, 2010), ECF No. 77.

I.       **Corporate Plaintiff**

The fact that a party is a corporation does not mean that it is entitled to any lesser consideration by you than if it was an individual.  All litigants, corporations as well as individuals, are entitled to your fair and unbiased consideration.

In the remainder of my instructions, I may refer to acts or omissions of State Street Bank and Trust Company and Investor Bank and Trust (which I will refer to collectively as "State Street").  You may consider these statements to refer to the acts or omissions of principals or employees of those entities.  I also will talk about things that a "person" may do or rights that a "person" may have, but in this case I mean "person" to include any legal entity, including a corporation.

Source: Based on Judge Gorton's Charge to the Jury, *Am. Process Equipment Co., Inc. v. Atlantic Mutual Ins. Co.*, No. 04-10736 (D. Mass. Dec. 16, 2005), ECF No. 37, modified to reflect the claims and defenses in this case.

## II.     PART II

### A.     <u>Introduction</u>

In this case, I will submit specific questions to you in a Verdict Form.  First, I will summarize State Street's claims and explain how to apply the law to these claims.  In a moment, my deputy clerk will distribute copies of the Verdict Form that you will have in the jury room and that I will refer to from time to time during the remainder of my instructions.

<u>Source</u>: Based on Judge Gorton's Charge to the Jury, *Caldwell Tanks, Inc. v. Tnemec Co., Inc.*, No. 03-11726 (D. Mass. Apr. 22, 2005), ECF No. 205, modified to reflect the claims and defenses in this case.

**B.**    **Indemnification**

State Street has brought claims against the counterclaim Defendants seeking
indemnification.  Indemnification is compensation made by one party to another party for losses
or damages sustained.  State Street contends that the contracts between State Street and the
counterclaim Defendants require the counterclaim Defendants to indemnify it for damages
relating to the contracts.  To recover under its indemnification claims, State Street must meet the
requirements set forth in the contracts.  It thus must prove, by a preponderance of the evidence,
that it is entitled to indemnification pursuant to the terms of those contracts.  If State Street has
proven such entitlement by a preponderance of the evidence, you should find for it on the
indemnification claims.  If, on the other hand, it has not so proved, you should find for the
counterclaim Defendants on those claims.

Source: Based on Judge Gorton's Charge to the Jury, *Caldwell Tanks, Inc. v. Tnemec Co.,
Inc.*, No. 03-11726 (D. Mass. Apr. 22, 2005), ECF No. 205; *Mid-Hudson Catskill Rural Migrant
Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 178 (2d Cir. 2005); *Gramercy Advisors, LLC v.
Coe*, No. 13-CV-9069, 2014 WL 4197370, at *5 (S.D.N.Y. Aug. 25, 2014); *Kingdom 5-KR-41,
Ltd. v. Star Cruises PLC*, No. 01 Civ. 2946, 2005 WL 1863832, at *1-2 (S.D.N.Y. Aug. 8, 2005);
modified to reflect the claims and defenses in this case.

C.     **Damages**

I have completed my instructions on the substantive claims and will now instruct you on the law of damages as that law applies to this case.  The mere fact that I instruct you on the law of damages does not mean that I believe damages are due or not due in this case.  That is for you to decide.  You are to consider damages only if you first find that the counterclaim Defendants are liable to State Street on its claims.

If you find that one party is liable to another party, then you must determine the extent to which that party is liable.  The burden is on the party asserting the claims to prove damages by a preponderance of the evidence.  You may award only that amount of damages that will reasonably compensate a party for its loss.

You are not permitted to award speculative damages.  Any award of damages must be based on the evidence and on a finding by you that State Street has convinced you, by a preponderance of the evidence, that it has been damaged as it claims to have been damaged.  Moreover, State Street must prove, by a preponderance of the evidence, that the damages it suffered were proximately caused by the wrongful conduct of the counterclaim Defendants then under consideration.  Damages must be ascertainable by reference to some definite standard, either of market value, established experience or direct inference from known circumstances.  However, a mathematical certainty in measuring damages is not a prerequisite for recovery.  The determination of damages is left to your judgment and estimation as the triers of fact.

A party which has been damaged by the wrongful act of another is bound to exercise reasonable care and diligence to avoid loss and to minimize damages.  A party may not recover for losses that it could have prevented by reasonable efforts on its part.

18

You must not award duplicative or overlapping damages or award damages more than once for the same injury.  State Street is entitled to be made whole again but not to recover more than its loss.

If you award damages, you are not to include any amount for interest.  The law provides for interest on any damages awarded and such calculations in this case are not for the jury.  In addition, you are not to take into account any kind of taxes and you may not include any amount for court costs or for attorneys' fees.  Additionally, you may not award punitive damages or damages to punish the counterclaim Defendants; you may only award damages in an amount, necessary to compensate State Street according to the principles on which I will instruct you.

Source: Based on Judge Gorton's Charge to the Jury, *Caldwell Tanks, Inc. v. Tnemec Co., Inc.*, No. 03-11726 (D. Mass. Apr. 22, 2005), ECF No. 205; *Jorgensen v. Century 21 Real Estate Corp.*, 629 N.Y.S.2d 268, 269 (N.Y. 1995); *Fortune v. First Union Nat. Bank*, 371 S.E.2d 483, 489 (N.C. 1988) ("Damages which are uncertain and speculative may not be recovered."); *J.R. Loftus, Inc. v. White*, 85 N.Y.2d 874, 877 (1995); *Miller v. Miller*, 160 S.E.2d 65, 73-74 (N.C. 1968) ("The rule in North Carolina is that an injured plaintiff, whether his case be tort or contract, must exercise reasonable care and diligence to avoid or lessen the consequences of the defendant's wrong. If he fails to do so, for any part of the loss incident to such failure, no recovery can be had."); modified to reflect the claims and defenses in this case.

**D.** **Indemnification Damages**

If you find that State Street is entitled to indemnification from the counterclaim Defendants, you must determine how much that indemnification will be. Pursuant to the contract, indemnification is to include an amount for any loss suffered by State Street in connection with, arising out of, or in any way related to the transactions contemplated under the contracts, including attorneys' fees.

Source: Based on Judge Gorton's Charge to the Jury, *Caldwell Tanks, Inc. v. Tnemec Co., Inc.*, No. 03-11726 (D. Mass. Apr. 22, 2005), ECF No. 205; *Pfizer, Inc. v. Stryker Corp.*, 384 F. Supp. 2d 131, 145-146 (S.D.N.Y. 2004); *Crossroads ABL, LLC v. Canaras Capital Management, LLC*, 105 A.D.3d 645, 646 (1st Dep't 2013); modified to reflect the claims and defenses in this case.

III.    **PART III**

A.    **Procedures During Deliberations**

When you go to the jury room to begin considering the evidence in this case, the foreman will assure that every juror is present during all of your deliberations and that all jurors, the foreman included, will have equal and full opportunity to participate in the deliberations.  Once you are in the jury room, if you need to communicate with me, the foreman will send a written message to me.  If you do send a written message to me, I will discuss it with the lawyers for both sides before responding to you, so please continue your deliberations to the extent you are able during the time it takes for me to respond to your question.

Do not stop your deliberations while you wait for a response.  And do not tell me how you stand, either numerically or otherwise, on any issue before you, until after you have reached a verdict.

On matters touching simply on the arrangements for your meals, schedule and convenience, you are free to communicate with the marshal orally rather than in writing.  You are not to communicate with anyone other than me about the case, however, and then only in writing.

I have read to you what is called a verdict form.  A verdict form is simply the written notice of the decision that you reach.  You will have the original and copies of this form in the jury room and, when you have reached your verdict, you will have your foreman fill in, date, and sign the original to state the verdict upon which you agree.  You will then report, in writing to the marshal, that you have reached a verdict after which you will be invited to return with your verdict to the courtroom.  Your verdict must be unanimous.  That is, you must be unanimous as to the answer to each of the questions you answer.

It is my practice, absent special circumstances, to allow a jury to recess before dinner and begin deliberation again in the morning of the next regular court day.

It is not yet time for you to start deliberating.  I will have a sidebar conference with counsel and you can be at ease for a few minutes.  I will then have some brief final instructions to give you before you retire to deliberate.

**[SIDEBAR]**

Members of the jury, it is now time for the case to be submitted to you.  You may commence your deliberations.  All of you who are the jury must be together at all times when you are deliberating.  Whenever you need a recess for any purpose, your foreman may declare a recess.  Do not discuss the case during a recess in your deliberations.  All your discussion of the case should occur only when you are all together and your foreman has indicated that deliberations may proceed.  This should be your procedure so that everyone in the jury will have equal opportunity to participate and to hear all of what other members of the jury have to say.

You may go to the jury room and may commence your deliberations.

Source:  Based on Judge Gorton's Charge to the Jury, *Am. Process Equipment Co., Inc. v. Atlantic Mutual Ins. Co*., No. 04-10736 (D. Mass. Dec. 16, 2005), ECF No. 37, modified to reflect the claims and defenses in this case.